Bridget Walsh, Appellant, *v.* Hestonville, Mantua and
     Fairmount Passenger Railway Company.

*Negligence—Street railways—Going on track in front of moving car.*

In an action against a street railway company for personal injuries, a.
nonsuit is properly entered where it appears from plaintiff's own testi-
mony that she saw the car on the track in front of her, but nevertheless
attempted to cross the track and was injured by striking the side of the car
by her own movement.

Argued Jan. 18, 1900.    Appeal, No. 343, Jan. T., 1899, by
plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1896,.
No. 867, refusing to take off nonsuit.    Before GREEN, C. J.,
MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.    Af-
firmed.

Trespass for personal injuries.

At the trial it appeared that on March 23, 1896, about
4 : 30 P. M., plaintiff was struck by a car of defendant at the in-
tersection of Arch and Fifteenth streets in the city of Philadel-
phia.

Plaintiff described the accident as follows :

" I thought he (the motorman) certainly saw me and waited
for me to go across ; it was snowing and I did not know how
long the car might be stopped, and as I thought it was my time
to go I walked across the track, and as I went to the edge of
the track I saw that the car was moving, and the dasher was.
right in front of me and the motorman was looking right at me,
and as quick as a thought I turned on my left foot to go back
and that is the last I knew."

BIDDLE, P. J.: This seems to me to be a case where the
woman ran into the car instead of the car running into the
woman, constituting contributory negligence on her part.    I
will, therefore, grant a nonsuit in this case.

The court subsequently refused to take off the nonsuit.
Plaintiff appealed.

*Error assigned* was the refusal of the court to take off the
nonsuit.

*A. S. Ashbridge, Jr.,* for appellant, cited Cleary v. Pittsburg, Allegheny & Manchester Traction Co., 179 Pa. 526.

*Russell Duane, J. Bayard Henry* and *Thomas Leaming,* for appellee, were not heard, but cited in their printed: brief Hauser v. Central R. R. Co. of N. J., 147 Pa. 440; Rauscher v. Traction Co., 176 Pa. 349; Nugent v. Phila. Traction Co., 181 Pa. 160; Lynch v. Erie City, 151 Pa. 380.

PER CURIAM, February 5, 1900:

On the plaintiff's personal testimony it was inevitable that a judgment of nonsuit should be entered against her. She expressly said she was not in front of the car when she was injured, but that as she went to the edge of the track she saw that the car was moving and that the dasher was right in front of her. She said also that she was at the side of the car when she was struck. She could not have been struck in such a position except as a consequence of her coming in contact with the car by her voluntary act, and for such an accident of course the defendant was not responsible. The plaintiff saw the car on the track in front of her, but nevertheless she attempted to cross the track and naturally struck the side of the car by her own movement.

Judgment affirmed.